## *In re* ALLIN, Bankrupt.

(*District Court, D. Vermont.* September 6, 1881.)

1. RECEIVERS—ACCOUNTING.

> A receiver of lands, on a part of which he holds a mortgage with condition broken, must account for rent issuing out of such part as was not covered by his mortgage, where he rents them for a term which did not expire until after his appointment, and before his appointment receives the rent, which was payable in advance, for the full term.

In Bankruptcy.

WHEELER, D. J. This cause has been submitted upon the report of the register, to whom was referred the matter of the account of Henry L. Tilton, receiver. Upon this part of the case the receiver's account only is to be settled. What he has received on account of the property of which he was made receiver, and what he is entitled to retain in his own right, are to be ascertained, and the difference is to be paid into court, to go to whomsoever it may be decreed to belong. He was made receiver of lands, part of which was covered by a mortgage with condition broken, held by him, and part not. He had claimed the whole by an invalid subsequent mortgage, and rented them at $300 for a year, which had not expired, but the rent had become due and been paid when he was appointed receiver. He rented them the next year at $250, and has collected two-thirds of that rent. One-third of these sums was due to what his mortgage did not cover, and the other two-thirds to what it did cover. The bankrupt had a homestead right in the part which the mortgage covered, and with his wife conveyed it to the receiver. These premises have been sold free of the homestead right, but subject to the mortgage, and $500, representing that right, have been paid into court. He has leased these premises since that sale and received rent. He claims that he is not chargeable at all as receiver for the rent received before he was made receiver, for the year during which he was appointed receiver; that rent was received for the whole year, and not for a part expiring at or before the rent was paid. It issued out of the land and was the product of the whole year, and appears to have been paid so much in advance as security, and not because it had fully accrued. When so paid it was in Tilton's hands in trust until accrued. Had the lessee been evicted by title paramount to Tilton's, doubtless the rent so advanced could have been recovered back. Tilton was appointed receiver while his right to that rent in his hands

was accruing and becoming perfect. There is no apportionment of rent as to time, except in special and different cases, and the right to this rent became perfect in him as receiver, and he is to be charged with the third of it as such, as if he had been receiver while it was fully accruing. No claim is made but that he should be charged with the one-third of the next year's rent, except that he was to have $500 for buying in the valid mortgage, which has not been paid, and took the invalid mortgage and the conveyance of the homestead to secure the payment of that sum. The agreement to pay the $500 was made by Ellery K. Allin, son of the bankrupt. That agreement created no charge upon the land or the rent, for he had no right to charge either. The void mortgage created no rights in the hands of any one. The homestead right is now separated from the land, and vested in the money set apart for it, which is in court to be disposed of by decree. The receiver has no right left upon which he can stand to hold any of the rent but his mortgage. Under that, as mortgagee in possession, he has the right to the rents of the mortgage premises to apply on his mortgage debt. He has no right to the rents of any other lands for that purpose, for his rights in those respects all rest upon the mortgage, and can extend only so far as the mortgage extends. He has no right to them to pay any other debt, for the mortgage only secures the mortgage debt. No rent has been received for any but the mortgage premises but for those two years. On account of the third due to the part not covered by the mortgage, he is to be charged, for the first year, one-third of $300, which is $100.00 For the second year, one-third of $250, which is - - 83.33

Making - - - - - - - $183.33
The report does not show that he has received interest on these sums, and there is no ground apparent for charging him with interest. He is entitled to pay for his services, and expenses as allowed, which amount to $114.50. The amount paid for counsel fees appears to have been paid for the maintenance of his individual rights as against the others represented by the receivership, and not in the assertions of the rights belonging to the receivership; therefore, that item is not allowed. The balance in his hands is to be paid into court, to be disposed of by decree in the cause. It is $68.83.

The report is accepted and confirmed, the receiver is decreed to pay into the registry of the court said sum of $68.83 within 20 days, and upon such payment he is discharged from his receivership.